In the Matter of RONALD E. TRUMBULL, Doing Business as GABLES NURSING HOME, Petitioner, v. ABE LAVINE, as Commissioner of Social Services of the State of New York, et al., Respondents.

In the Matter of MELVIN CASE, Doing Business as MALRAE NURSING HOME, Petitioner, v. ABE LAVINE, as Commissioner of Social Services of the State of New York, et al., Respondents.

In the Matter of MELVIN CASE, Doing Business as BALDWINSVILLE SANITARIUM, Petitioner, *v.* ABE LAVINE, as Commissioner of Social Services of the State of New York, et al., Respondents.

Third Department, May 3, 1973.

*O'Connell & Aronowitz, P. C. (Cornelius D. Murray* of counsel), for Ronald E. Trumbull, petitioner.

*George M.* and *Lee S. Michaels (Michael A. Wineburg* of counsel), for Melvin Case, petitioner.

*Louis J. Lefkowitz, Attorney-General (Eileen A. Sullivan* and *Ruth Kessler Toch* of counsel), for respondents.

*Per Curiam.* These are proceedings pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by orders of the Supreme Court at Special Term, entered in Albany County) to review determinations of the Commissioner of the Department of Social Services which decertified each of the petitioners as a provider of skilled nursing home care, in accordance with the provisions

of title XIX of the Federal Social Security Act (U. S. Code, tit. 42, § 1396 *et seq.*), thus rendering them ineligible for further participation in the Medicaid program.

Each of the petitioners is the owner and/or operator of one of the 148 nursing homes across the State which were decertified by the Department of Social Services in January of 1972 for failure to comply with the requirements of the Life Safety Code of the National Fire Protection Association as required by title XIX of the Federal Social Security Act (U. S. Code, tit. 42, § 1396a, subd. [a], par [28], cl. [F] [i]). A class action in Federal court, however, resulted in the enjoining of these decertifications pending hearings to determine, in each case, whether a waiver of strict compliance with the provisions of the Life Safety Code should be granted (*Maxwell* v. *Wyman*, 458 F. 2d 1146 [2d Cir., 1972]). A hearing was held in each of the present proceedings, and, at the conclusion of each hearing, the respondents determined that none of the petitioners herein were entitled to a waiver.

At each of the hearings, the respondents produced an expert who testified that the particular nursing home involved did not fully comply with the provisions of the Life Safety Code. In rebuttal, each of the petitioners appeared as the sole witness in behalf of his respective cause. None of them, however, rebutted the deficiencies enumerated by the respondents' expert or testified to the existence of adequate alternative measures which would secure as nearly equivalent safety to the life of their patients as practical. Moreover, no fire safety expert was produced in any of these proceedings to testify that a waiver of strict compliance with the Life Safety Code would not adversely affect the health and safety of the patients. Under such circumstances, we find that the respondents could properly conclude that each of the petitioners herein failed to establish that a waiver of the threat of fire occasioned by the nursing home's structural noncompliance would not have an adverse effect upon the health and safety of the patients in the home (compare, *Matter of Maxwell* v. *Lavine,* 41 A D 2d 346 [decided herewith]). Accordingly, since substantial evidence supports the respondents' determinations denying a waiver, they should be confirmed.

The determinations should be confirmed, and the petitions dismissed, without costs.

STALEY, JR., J. P., COOKE, SWEENEY, KANE and MAIN, JJ., concur.

Determinations confirmed, and petitions dismissed, without costs.